UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Carlos Antwan Walker, | ) | C/A No. 5:15-cv-01517-SB-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| M. Travis Bragg, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 was submitted to the court by a federal prisoner appearing pro se. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e), 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.     Factual and Procedural Background

Carlos Antwan Walker ("Petitioner") is a federal prisoner, currently incarcerated in this district at FCI-Bennettsville. Pet. 1, ECF No. 1. In the § 2241 Petition under review, Petitioner challenges the validity of the twenty-year sentence he is now serving. The sentence was entered in December 2006 on a guilty plea to one count of conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846 in the Western District of Virginia. *United States v. Walker*, Crim. No. 6:06cr0007 (W.D. Va.). Petitioner contends that his sentence is invalid and his detention is unconstitutional because the United States did not file a notice of intent to enhance the sentence through prior convictions before Petitioner entered his guilty plea. ECF No. 1 at 6-7. Petitioner alleges that the § 2255 remedy is inadequate and ineffective to test the

constitutional validity of his detention because he waived the right to file a § 2255 motion in his plea agreement. *Id*. at 7; *see* ECF No. 1-1 at 5 (copy of plea agreement, para. 9). Petitioner asks this court to "resentence [him] to [his] correct statutory mandatory minimum of 10 years." *Id*. at 8.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case should be summarily dismissed.

III.   Discussion

Petitioner is challenging the underlying validity of the sentence that he is now serving. The Fourth Circuit Court of Appeals has stated that "[a]s a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)); *San-Miguel v. Dove*, 291 F.3d 257, 260-61 (4th Cir. 2002). Under currently binding precedent in this Circuit, federal prisoners are generally prohibited from bringing sentencing challenges under § 2241 unless they can show that their claims are properly raised under the § 2255 savings clause. *See, e.g.*, *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *Farrow v. Revell*, 541 F. App'x 327, 328 (4th Cir. 2013) ("challenge to [ ] armed career criminal status is not cognizable in a § 2241 petition"); *Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender under the guidelines). The § 2255 savings clause, 28 U.S.C. § 2255(e), states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless

> it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

It is settled law in this Circuit that the fact that relief has become unavailable under § 2255 because of the running of the one-year statute of limitations or the prohibition against successive petitions does not demonstrate that the § 2255 remedy is inadequate or ineffective. *In re Vial*, 115 F.3d at 194 n.5. Also, it has been held by many federal courts, including this one, that the § 2255 remedy is not rendered inadequate or ineffective if the petitioner waives his right to collaterally attack convictions in a plea agreement. *See Boykin v. Atkinson*, No. 4:13-cv-00766-RBH, 2013 WL 5657683, at *4 (D.S.C. Oct. 15, 2013); *see also Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001); *Debolt v. United States*, No. CIV.11-1434 MJD FLN, 2011 WL 2937168, at *3 n.2 (June 24, 2011), *report adopted*, 2011 WL 2910475 (D. Minn. July 18, 2011); *Nguyen v. Davis*, No. 10-cv-87-BNB, 2010 WL 902481, at *2 (D. Colo. Mar. 12, 2010); *Adams v. Samuels*, No. 6:05-689-DCR, 2006 WL 695250, at *3 (E.D. Ky. Mar. 13, 2006).

The only argument that Petitioner makes for application of the § 2255 savings clause in this case is his contention that the waiver of his right to bring a § 2255 motion contained in the plea agreement that he entered in 2006 makes the § 2255 remedy inadequate and ineffective to test the constitutionality of his detention. That argument is contrary to the weight of federal authority cited above and does not require this court to consider Petitioner's sentence-validity claims under § 2241.

IV.     Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

May 6, 2015                                                                               Kaymani D. West
Florence, South Carolina                                                     United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).