IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carols Antwan Walker, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 5:15-cv-1517-SB |
| v. ) | |
| ) | |
| M. Travis Bragg, Warden, ) | **ORDER** |
| ) | |
| Respondent. ) | |



This matter is before the Court upon Carlos Antwan Walker's ("Walker" or "the Petitioner") *pro se* petition for a writ of habeas corpus pursuant to 29 U.S.C. § 2241. Pursuant to 28 U.S.C. 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review. On May 6, 2015, Magistrate Judge Kaymani D. West issued a report and recommendation ("R&R"), analyzing the issues and recommending that the Court dismiss the petition without prejudice based on the Petitioner's failure to show that a motion pursuant to 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. Walker filed objections to the R&R, and the matter is ripe for review.

## BACKGROUND

The Petitioner is a federal inmate at the Bennettsville Federal Correctional Institution. In December of 2006 he pleaded guilty to one count of conspiracy to distribute 50 grams or more of cocaine base, and he was sentenced to 20 years in prison and 10 years of supervised release. On April 7, 2015, the Petitioner filed the instant section 2241 petition, asserting that his sentence is unconstitutional because the United States did not file a notice of intent to enhance his sentence through prior convictions prior to his entering

his guilty plea. Furthermore, the Petitioner contends that a section 2255 remedy is inadequate or ineffective to test the constitutional validity of his sentence because he waived his right to file a section 2255 motion in his written plea agreement.

## STANDARD OF REVIEW

The Court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered. 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify in whole or in part, the recommendations set forth by the Magistrate Judge. Id. Any written objection must specifically identify the portion of the R&R to which such objection is made and the basis for the objection. Id.

## ANALYSIS

Here, the Petitioner is challenging the validity of his sentence. It is well established that federal prisoners are required to pursue post-conviction relief by filing a motion pursuant 28 U.S.C. § 2255. Rice v. Rivera, 617 F.3d 802, 807(4th Cir. 2010) (citing In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997)). However, section 2255 contains a "savings clause" that allows federal prisoners to proceed pursuant to section 2241 when a motion under section 2255 would prove "inadequate or ineffective."[1] A section 2255 motion is deemed "inadequate or ineffective" when three criteria are met:

---

[1] Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prison who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention

28 U.S.C. § 2255.

2

    (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
    (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
    (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). Importantly, the Court of Appeals for the Fourth Circuit has not extended the reach of the savings clause to those petitioners challenging only their sentences. United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008). In addition, as the Magistrate Judge noted, many federal courts, including this one, have held that the section 2255 remedy is not inadequate or ineffective simply because a petitioner waived his right to collaterally attack his conviction in his plea agreement. See  Boykin v. Atkinson, No. 4:13-cv-00766-RBH, 2013 WL 5657683, at *4 (D.S.C. Oct. 15, 2013) (noting that "the fact a petitioner voluntarily waived his or her right to file a § 2255 motion in the sentencing court creates only a procedural bar to using the remedy, but it does not show that the § 2255 remedy is inadequate or ineffective"); see also Rivera v. Warden, FCI, Elkton, 27 F. App'x 511, 515 (6th Cir. 2001); Debolt v. United States, No. CIV.11-1434 MJD FLN, 2011 WL 2937168, at *3 n.2 (June 24, 2011), *report adopted*, 2011 WL 2910475(D. Minn. July 18, 2011).

    Based on the foregoing, the Magistrate Judge recommended that the Court dismiss the instant petition without prejudice. The Petitioner filed written objections to the R&R, again arguing that he was erroneously sentenced based on one or more prior convictions even though the government failed to file a section 851 notice of enhancement prior to his plea; he again argues that he satisfies the savings clause because he waived the right to

file a section 2255 motion; because the one-year statute of limitations to file a section 2255 motion has lapsed; and because he cannot file a second or successive section 2255 motion. (Entry 17 at 5.)

After a review of the record, the Court finds the Petitioner's objections to be without merit. As the Magistrate Judge noted, the fact that the Petitioner waived his right to file a section 2255 motion does not render section 2255 "inadequate or ineffective" to invoke the savings clause. Moreover, to the extent the Petitioner seeks to rely on the position taken by the Solicitor General in the brief for the United States in Persaud v. United States, 134 S.Ct. 1023 (2014),[2] current Fourth Circuit law has indicated that the savings clause does not extend to petitioners who challenge only their sentences. Moreover, although the Supreme Court remanded Persaud to the Fourth Circuit, which in turn remanded the case to the District Court in North Carolina, the case remains pending, and even subsequent to the Supreme Court's remand in Persaud, the Fourth Circuit has affirmed a district court order holding that a petitioner could not challenge a career offender sentencing enhancement via section 2241. See Rouse v. Wilson, No. 1:13-cv-748 (GBL/TRJ) (E.D.Va. Feb. 19, 2014), aff'd Rouse v. Wilson, — Fed. App'x —, 2014 WL 4823637, at *1 (4th Cir. 2014) ("The district court properly determined that Rouse could not proceed with his claims under § 2241."). Because it does not appear that the Petitioner can satisfy the In re Jones test to present his claim in a section 2241 petition, the Court agrees with the Magistrate Judge that this petition is subject to summary dismissal.

---

[2] The Petitioner cites this case once in his objections but does not include any argument as to its applicability.

## CONCLUSION

Accordingly, the Court adopts R&R (Entry 12); overrules the Petitioner's objections (Entry 17); and dismisses this petition without prejudice.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

June 12, 2015
Charleston, South Carolina